Harry Hudnut, Administrator of Estate of Hale Montgomery Hudnut, Deceased, Appellant, v. Edwin F. Schmidt, Appellee and Cross Appellant.

**Gen. No. 9,438.**

Opinion filed October 26, 1944. Rehearing denied February 6, 1945. Released for publication February 6, 1945.

C. E. Tate, of Champaign, for appellant.

John Alan Appleman and F. T. Carson, both of Urbana, for appellee and cross appellant.

Mr. Justice Hayes delivered the opinion of the court. This is an appeal from the judgment of the circuit court of Champaign county in an action for wrongful

death, finding the defendant guilty of negligence but assessing the damages at one dollar. The case was tried before the court without a jury. The death occurred at an intersection in the business district in the city of Champaign, at night. The decedent Hale Montgomery Hudnut was, at the time of his death, a pedestrian walking south across University avenue, an east and west street, at the intersection of First street, when he was hit by defendant's automobile which resulted in his death.

The trial court found in favor of the plaintiff on the issues of negligence, due care and contributory negligence but limited the recovery to nominal damages.

The principal question involved on this review of the judgment is whether, under the proofs in this record, the lower court was correct in its holdings that no substantial damages could be allowed.

The wrongful death statute under which this action was brought provides that suit may be brought by a personal representative of the deceased for damages for, "the pecuniary injuries resulting from such death to the wife and next of kin." Ill. Rev. Stat. 1943, ch. 70, pars. 1, 2 [Jones Ill. Stats. Ann. 38.01, 38.02]. Interpreting this provision, the Supreme Court has decided where the next of kin are collaterals, proof must be furnished that the deceased did or could reasonably be expected to contribute to their support, where the next of kin are lineal descendants, the fact of pecuniary loss is presumed. *Wilcox v. Bierd,* 330 Ill. 571; *Chicago, P. & St. L. R. Co. v. Woolridge,* 174 Ill. 330.

Here the decedent left surviving three adult children as next of kin, and under the proofs it appears they were self-supporting. The defendant contends that under these circumstances the presumption normally arising where lineal descendants are involved, should not prevail. The court below apparently took this position. Although the decedent was the father, under our law the next of kin stood in the relationship of

lineal descendants and not as collaterals. The trial court apparently put them in the classification of collaterals. While it is true that the evidence in the record to establish pecuniary loss of the next of kin is very meager, the evidence does show that the deceased, at the time of his death, was a man of 64 years of age who had been employed as an elevator manager in the city of Chicago up to a period of one year prior to his death, that he was sober, industrious, cautious and in good health and that he left surviving his death three children,—one son and two daughters.

The proofs as to his age, physical and mental capacity, industry and habits stand uncontradicted. At the present time with manpower shortage many men over 64 years of age are rendering good service, and are producers and bread winners.

The pecuniary loss as to lineal kindred means what the life of the deceased was worth in a pecuniary way to them. It can easily be determined by proof of the personal characteristics of the deceased, his mental and physical capacity, his habits of industry and sobriety, his age, the amount of his usual earnings by proof of what he might in all probability earn in the future and is to be estimated by the jury or by the court in sitting in place of a jury, in passing on questions of fact from all the facts and circumstances proved. *Chicago, P. & St. L. R. Co. v. Woolridge, supra; North Chicago St. R. Co. v. Brodie,* 156 Ill. 317; *Chicago & A. R. Co. v. Shannon,* 43 Ill. 338; *Quincy Coal Co. v. Hood,* 77 Ill. 68.

This exact question was passed on by the Supreme Court in the case of *Chicago & W. I. R. Co. v. Ptacek,* 171 Ill. 9. The decedent Rosalie Pruka was survived by adult children who were not dependent upon her and the defendant there, as here, insisted that the recovery, as a matter of law, should be restricted to nominal damages but the court in passing on this question said: "We cannot say, as a matter of law, that plaintiff was

not entitled to recover substantial damages. Whether he was or not can only be determined by reviewing the evidence and determining its weight as establishing or failing to establish the facts which go to the question of damages. . . . Conceding the relationship between the deceased and her children was such as no pecuniary interest in her life would be presumed, they being adults, yet there is certainly some evidence tending to prove that the children derived a benefit from her life. The pecuniary value of that benefit was a question for the jury, . . . In this class of cases it is not necessary that damages be proved in dollars and cents, but having proved such kinship as raises a presumption of pecuniary loss, or offered proof of loss in cases of collateral kindred or adult children, the jury must, from age, health, etc., fix the damages sustained.''

We find that the court should have passed on the evidence offered and fixed the damages based on such evidence. In place of so doing it is apparent from the opinion filed in the case that it found, as a matter of law, that it could award only nominal damages for in said opinion it stated: ''If I were trying this case with a jury the only verdict I would submit to the jury for the plaintiff would be a verdict of guilty and fixing the damages at a nominal amount, and that being the situation that is the reason I have arrived at my decision that the plaintiff is entitled to a finding and to a judgment for nominal damages only.''

We find that the lower court was warranted in its findings in favor of the plaintiff on the questions of negligence and due care. We also find that the cross-error assigned on the cross-appeal by the defendant is not tenable.

The trial court committed reversible error in refusing to assess actual damages and in limiting the recovery to nominal damages. Therefore the judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*