Louis F. Maca, Administrator of the Estate of Louis
D. Maca, Deceased, Plaintiff-Appellee, v. Rock
Island-Moline City Lines, Inc., a Corporation, and
Kenneth W. Shoemaker, Defendants-Appellants.

Gen. No. 11,861.

Third District.

March 26, 1964.

Moran, Klockau, McCarthy, Schubert & Lousberg,
of Rock Island, for appellants.

31

Eagle & Eagle, of Rock Island, for appellee.

CULBERTSON, P. J.

This is an appeal from the judgment of the Circuit Court of Rock Island County resulting from a wrongful death action instituted by Louis F. Maca, as the Administrator of the Estate of Louis D. Maca, deceased, as plaintiff, against Rock Island-Moline City Lines, Inc., a Corporation, and Kenneth W. Shoemaker, its bus driver. The cause was tried before the Trial Court without a jury. The Trial Court assessed damages in favor of plaintiff and as against defendants, in the sum of $30,000 for the wrongful death of the plaintiff's intestate, who was a seven-year-old boy; and also, the sum of $500 for payment of the funeral bill by the father administrator.

██ On appeal in this Court it is contended by defendants, with considerable vigor, that, first, as a matter of law, the Trial Court was without authority to assess damages under the Wrongful Death Act, because the legislature had specifically committed the determination of damages especially to the finding of a jury, and the contention is made in support of this position that the enforcement of the judgment would deprive the defendants of their property without due process of law. The Act originally adopted in 1853 (1963 Ill Rev Stats, c 70, § 2), provides in part, after referring to the Wrongful Death Action, ". . . and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death. . . ." It is the contention of defendants that this language is of such character in creating both the right and the remedy, that no right exists in a Court to make a finding of damages even though a defendant waives a jury and consents to such determination by the Court. Defendants contend that it is basically a question of jurisdiction which cannot

32

be waived, and that the legislature has specifically committed the determination of such damages to the finding of a jury, exclusively. So far as we have been able to determine this is a case of first impression on the particular issue as raised by defendants.

Under the provisions of the Civil Practice Act which provides for waiver of trial by jury (1963 Ill Rev Stats c 110, § 1), it is specifically provided that the Civil Practice Act shall apply to all civil proceedings, both at law and in equity, in Courts of record. In section 64 of the Civil Practice Act it is further provided that parties are required to demand a jury, and the effect of the provision is that a failure to so demand constitutes a waiver of a jury. In the cause before us the parties proceeded to trial without a jury before the Trial Court, and waived a jury. There was no jury demand at any time by either party.

Our Supreme Court has held in other cases that the Civil Practice Act applies to actions brought under the Wrongful Death Act (Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill 222, 15 NE2d 838). While that case involved the question of amendment of a complaint filed under the Act, even though more than a year had expired since the death in question, the Court clearly indicated that the provisions of the Practice Act were, in fact, intended to and did apply to the Wrongful Death Act. Similarly, in eminent domain cases where the constitution provides that compensation "shall be ascertained by a jury" (1870 Courts of Illinois, section 2, Article 2) our Supreme Court found, in Chicago, M. & St. P. Ry. Co. v. Hock, 118 Ill 587, 9 NE 205, that the right to trial by jury conferred by the constitution was a mere privilege, which in a civil proceeding may be waived or dispensed with by the parties. In Whipple v. Eddy, 161 Ill 114, 43 NE 789, where the statute relating to Will contests provided that the issue "shall be tried by a jury," the Supreme Court again stated (at page 118), "all

agree that the statute contemplates a trial by jury, and that the court could not dispense with the jury without the consent of all parties interested; but we do not understand any of the cases cited as holding that a jury may not be waived as in any other civil case, and we think the result of our decisions is that it can." The whole line of cases relating to waiver of trial by jury is to the same effect, that the right to trial by jury as conferred by statute, or even by the constitution, was a mere privilege and a personal right which may be waived in many types of cases, including divorce and criminal cases (Fox v. Fox, 9 Ill2d 509, 138 NE2d 547). That this has been the understanding of our courts is amply underscored by the fact that innumerable cases in this State involving Wrongful Death Actions have been disposed of on the basis of a waiver of trial by jury and consent to trial by the Court (Myers v. Krajefska, 8 Ill2d 322, 134 NE2d 277; Hudnut v. Schmidt, 324 Ill App 548, 58 NE2d 929). It is common practice even in default cases to waive assessment of damages by a jury and consent to have the damages assessed by the court (Paul v. Weber, 223 Ill App 257; Cannata v. White Owl Exp. Inc., 339 Ill App 79, 89 NE2d 56).

We find no substance in the contention that the legislature either by design or otherwise, had created a situation which vests sole jurisdiction in the jury in the matter of the assessment of damages on the basis of the precedents to which we have referred, and numerous others to the same effect. As stated in Reid v. Chicago Rys. Co., 231 Ill App 58, 66, while the Wrongful Death Statute created a new right of action, the procedure for enforcing the provision of the statute is not prescribed. The common law practice had been followed, and now the Civil Practice Act is adhered to. It is, therefore, our conclusion that the Trial Court had jurisdiction to ascertain damages, that a jury was properly waived by the parties; and that

defendants were not wrongfully deprived of a trial by jury.

■ A second contention which is made in this case is that the State Legislature, in the 1955 amendment to the Wrongful Death Act has eliminated the case-made-law that there is a presumption of pecuniary loss to the next of kin sufficient to warrant a recovery of some substantial damages in case of the death of a minor who is not a wage earner, and that therefore there was no evidentiary basis for the Trial Court assessment of damages permitted by the statute. It is pointed out that prior to the 1955 amendment the Act provided that the amount recovered in the action should be for the exclusive benefit of the widow and next of kin of the deceased, and should be distributed to them in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate. The 1955 amendment (1963) Ill Rev Stats c 70, § 2) provides that the amount recovered in any such action should be distributed by the Court in which the cause is heard, or in the case of an agreed settlement, by the County or Probate Court, "to each of the widow and next of kin of such deceased person in the proportion, as determined by the Court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." So far as we are able to determine this may also be a case of first impression upon the particular issue raised as to the 1955 amendment.

Defendants, in arguing for such construction, call the attention of the Court to language in the case of Rust v. Holland, 15 Ill App2d 369, 146 NE2d 82, in which the Court in treating the word "dependency" found that the proceeds of a death action should go to the wife and two minor children, and that two children who were of age and not dependent should

35

not share in the proceeds. This conclusion was based upon actual showing of dependency in the proceeding. The Court did not directly or by implication find or conclude that the amendment in any manner abolished the presumption of substantial damages to parents which arises from the loss of an infant child. It has been a basic conclusion of our Supreme Court that when there are surviving lineal kin, a presumption of pecuniary loss obtains from the relationship alone, sufficient to sustain a verdict and judgment awarding substantial damages, without proof of actual loss (Knierim v. Izzo, 22 Ill2d 73, 78, 174 NE2d 157; Hall v. Gillins, 13 Ill2d 26, 31, 147 NE2d 352).

One Appellate Court case has treated the issue, although not specifically, in the form in which it is presented in the instant case. In Barrow v. Lence, 17 Ill App2d 527, 151 NE2d 120, an argument was made that the amendment made it essential to prove actual dependency and thereby abolished the presumption of substantial damages in case of lineal survivors. The Court stated (at page 535), "it remains our opinion that if the legislature intended to eliminate recognized elements of damage, they would have said so, rather than speak only of a change in distribution." It is our conclusion (in the instant case as applied to the child and the determination by the Trial Judge in the cause before us), that there was no legislative intent to eliminate recognized elements of damage and that the statute speaks only of a change in the method of distribution. No departure from the recognized presumption of substantial damages to lineal survivors of the deceased is noted, not only in recent cases, but, in fact, such principle is repeatedly reaffirmed (Dodson v. Richter, 34 Ill App2d 22, 25, 180 NE2d 505). It is, therefore, our conclusion that the presumption of pecuniary loss was applicable in the

instant case, and there was no requirement of specific proof of pecuniary loss by reason of the death of plaintiff's intestate.

■■ The final point made by defendants is that the damages awarded are clearly excessive, and that the Court should order a remittitur by reason thereof, or grant a new trial. In this connection we should observe that the seven-year-old son of plaintiff administrator met his death when he was seeking to alight from a bus of defendant, driven by defendant Shoemaker, and his foot was caught by the closing bus door so that he was caused to fall and be run over by the bus. The seven-year-old child was in good health at the time of his death and had never suffered any major operations or serious illnesses. It was testified that he was an average child; was obedient and cooperative; was quiet and industrious; and was a normal well-behaved boy. The Trial Court, after hearing the evidence, allowed the maximum of $30,000 by reason of the wrongful death.

Fixing the amount of damages is preeminently the function of the trier of the fact, and the amount so fixed will not be disturbed on appeal unless it is obviously the result of passion and prejudice (Alexander v. Lanterman, 39 Ill App2d 305, 312, 188 NE2d 351; Smith v. Ohio Oil Co., 10 Ill App 67, 78, 134 NE2d 526). The deceased child, Louis D. Maca, was a healthy child and so far as the record shows his entire life was ahead of him with all the opportunities which that would imply. There was no evidence which would minimize a determination of pecuniary loss equal to the sum of $30,000 allowed by the Trial Court, and the least we could do on review is to accord the Trial Judge the same courtesy which is given to juries, of approving a finding as to damages

37

which is not obviously the result of passion or prejudice.

A supplementary collateral issue was raised in this Court which may deserve brief comment. An additional sum of $500 was allowed to the father administrator for his payment of the funeral expenses of the son. No point was made as to the allowance of such amount in the original brief and argument filed on behalf of appellants, but in the reply brief, for the first time, defendants raise an issue with reference to this $500 payment. While such amount could be justified under the precedent of Saunders v. Schultz, 20 Ill2d 301, 170 NE2d 163, we believe it is more pertinent to observe that no alleged error or point not contended for in the original brief shall be raised afterwards by the reply brief, and a reply brief should be confined strictly to points presented by the brief of appellee.

It is, therefore, our conclusion that the judgment of the Circuit Court of Rock Island County was proper and should be affirmed.

Affirmed.

SCHEINEMAN and ROETH, JJ., concur.