**Herman Roewe, Plaintiff-Appellee, v. Sol Lombardo, Defendant-Appellant.**

**Gen. No. 66–18.**

Fifth District.

November 9, 1966.

Rehearing denied December 7, 1966.

Robert H. Rice, of East St. Louis, for appellant.

Walker and Williams, of East St. Louis (David B. Stutsman, of counsel), for appellee.

EBERSPACHER, J.

A jury returned a verdict of $16,500 for Herman Roewe, the plaintiff, a pedestrian, against Sol Lombardo, the defendant, based upon Roewe's claim for injuries resulting from being struck by Lombardo while backing his automobile. The occurrence took place on the sub-zero morning of December 11, 1962, in East St. Louis, Illinois, just outside the defendant's retail store at the

■

southeast corner of the intersection of Tenth and State Streets in that city at about 11:00 A. M.

The trial judge denied that portion of the defendant's post-trial motion seeking judgment notwithstanding the verdict. He further denied the defendant's motion for a new trial, conditioned upon, and only after, the plaintiff agreed to a remittitur of $8,500. The plaintiff filed the required consent, and the trial judge entered judgment for $8,000.

The defendant appeals claiming error in the denying of his post-trial motion. He asserts that the plaintiff was guilty of contributory negligence as a matter of law; that the defendant was free of negligence; and that the defendant was prejudiced by certain rulings on admissibility of evidence in the course of the trial. He claims the defendant was prejudiced by repetitious questioning concerning his place of residence; that the plaintiff's hospital bill, for want of a proper foundation, should not have been admitted in evidence; that the plaintiff's counsel made improper and prejudicial statements during the closing argument, and that there were other errors.

■ The plaintiff asserting his statutory prerogative (c 110, Ill Rev Stats 1965, § 68.1(7)), challenges the remittitur ordered by the trial judge. By virtue of this provision of the Practice Act his consent in the circuit court to the reduction in the jury's award, filed to avoid a new trial, is not a waiver of his right to bring the question of the remittitur's correctness before this court.

The defendant has operated a retail grocery and liquor store at the above location for over 20 years. It is called the "California Drive-In Market." The area near the store's entrance is paved, and there is no curbing to separate the sidewalk area from the portion of the city streets used by automobiles, so that motorists may drive right up to the market's front door. The plaintiff, a United States mail carrier for 30 years, has regularly

delivered mail to the defendant's market for the past 10 years. He had just done so on this cold morning, leaving the market by the way of the front door, heading for the next point of delivery on his route. He was walking south along the Tenth Street side, or west wall of the market building, passing between it and the defendant's automobile, which had been recently parked close to this wall, and parallel to it facing north toward State Street. About this time, the defendant too, emerged from the front door of the store, entering his car at, or about, the time the plaintiff walked past. The defendant got in the driver's seat, and his passenger, Robert Gryzmala, entered the front seat from the side of the car nearest the building. Gryzmala had delivered the car to the defendant at the market after it had been serviced at the Cadillac Garage, his place of employment, and defendant was returning Gryzmala to the garage. It was Gryzmala who had, minutes before, parked the Lombardo car along side the building; and it was this witness who testified that at the time of the occurrence Lombardo was voicing criticism of being required to deliver Gryzmala to the garage, in view of the fact that Gryzmala's employer had not provided defendant transportation to his place of business when he had left his car that morning.

Defendant was backing up south along his building preparing to drive forward into Tenth Street. While backing, he allegedly struck the plaintiff, knocking him to the ground. Both Gryzmala and the defendant heard the plaintiff shout or cry out, and the defendant immediately and suddenly stopped the car. Both men got out and found the plaintiff down behind the car. They helped him into the store, while Roewe was protesting that he was unhurt, just "shaken up." He was trembling and apparently in pain. After sitting in defendant's store for a while, and after an interview with a postal employee

169

who was summoned to make a government report, plaintiff attempted to resume his mail route, but within 30 minutes he sought medical treatment. He had a bruise on his low back which could have been made by the automobile bumper. He was then confined for a week, and treated daily by a physician, thereafter, he attempted to return to work for 2 days. At the end of the second day, he was hospitalized with chest and back pains, remaining there for 22 days. It was April before he returned to work.

 The defendant claims the plaintiff was guilty of contributory negligence as a matter of law; that the defendant, on the evidence, was not guilty of any negligence, and therefore the trial judge should have directed a verdict in his favor. The rule governing our appraisal of the evidence is plain:

> "The well-established rule in both the Federal courts and the courts of Illinois is that a motion for judgment notwithstanding the verdict presents only a question of law as to whether, when all the evidence is considered, together with all reasonable inferences therefrom in its aspect most favorable to the plaintiff, there is a total failure or lack of evidence to prove any necessary element of plaintiff's case." Hall v. Chicago & N. W. Ry. Co., 5 Ill2d 135, p 140, 141, 125 NE2d 77.

Whether or not the plaintiff used reasonable care for his own safety in these circumstances is preeminently for the jury to decide. So is the question of whether or not the defendant was negligent. Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 835; Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 212 NE2d 106; Backlund v. Thomas, 40 Ill App2d 8, 189 NE2d 682; Williams v. Yellow Cab Co., 11 Ill App2d 112, 136 NE2d 582.

170

■■ There is evidence to support the jury's finding that the plaintiff used reasonable care for his own safety. He was walking on a sidewalk area, or at least where a sidewalk would have been if provision for pedestrians had existed there. There is no curbing separating the entrance to the "California Drive-In Market" from the adjoining streets. The name, "Drive-In" seems apt since the way is prepared for motoring to the front door. The door however can only be used by pedestrians. Roewe had just come out through the market's front door, and was walking away from the rear of the defendant's standing automobile. He was in plain sight of the defendant at a place where his presence was proper and foreseeable; he could not have chosen another path of more apparent safety. The plaintiff's duty of reasonable care does not require that he keep a continuous lookout back over his shoulder to protect himself against the possibility that a standing vehicle, headed in the opposite direction, might come at him without warning.

■■ It has been repeatedly stated by Illinois courts, that a pedestrian, even while crossing the apparent path ahead of a standing vehicle, can reasonably assume that it will not start up without warning. Hectus v. Chicago Transit, 3 Ill App2d 439, 122 NE2d 587, and Hart v. The City of Chicago, 315 Ill App 214, 42 NE2d 887. Crossing the vehicle's path upon such an assumption does not amount to a lack of due care. A pedestrian is even more justified in assuming that a parked vehicle, headed away from him, will not come at him from the rear. In the nature of things, he must turn his back on some cars, as he walks his "appointed rounds." There is evidence that the plaintiff was indeed seen by the defendant, walking with his back to the automobile, prior to the defendant's starting his backward motion. The defendant apparently gave the plaintiff no warning. It

171

can be inferred from the testimony that he backed up and struck the plaintiff without again looking. There is conflicting evidence as to how far the defendant moved the car at the time he heard the plaintiff cry out, but it can reasonably be inferred that he had attained enough momentum to make the stop, when it came, appear sudden and abrupt to his passenger. Gryzmala, in his testimony, could not rule out the possibility of sliding wheels. The defendant knew the conditions that surround his place of business as well as anyone; knew that pedestrians were to be expected, and knew, or should have known, of the plaintiff's presence. Due care required a warning, a lookout, and a stopping of the vehicle sooner than the one the defendant made, which was apparently not until he heard the plaintiff's crying out. We believe this record contains evidence which, when viewed as the law requires us to view it, in the light most favorable to the plaintiff, is evidence enough to provide the necessary foundation for the jury's finding; evidence enough to prevent our holding there to be such a lack of evidence that the jury could not possibly or reasonably have found the facts essential to the plaintiff's case.

The defendant was called under section 60 of the Civil Practice Act for questioning, "as on cross-examination." He urges that the plaintiff's attorney, in an improper, argumentative manner, repeatedly questioned the defendant concerning his residence, thus prejudicing the defendant to the extent that he was deprived of a fair trial. The defendant asserts that the plaintiff's counsel was seeking to convey to the jury the impression that the defendant was the holder of a resident liquor license for East St. Louis, while actually residing in St. Louis, Missouri. The record, however, does not show that the plaintiff's attorney was permitted to do this even if he had so intended.

■ ■ ■ The scope of cross-examination of a witness who is a party to the litigation, is generally broader than the scope permitted in the cross-examination of other witnesses. Brownlie v. Brownlie, 357 Ill 117, 191 NE 268; D. I. Felsenthal Co. for Use of Carpenter v. Northern Assur. Co., 205 Ill App 610; Gard, Illinois Evidence Manual, Rule 481. As is pointed out in an annotation found in 37 ALR2d 742, the question as to the right to cross-examine a witness as to his place of residence arises most frequently in connection with the matter of admissibility of such evidence to effect the witness' credibility, and it is quite commonly recognized that cross-examination on this subject for such purpose is proper. We find nothing in the record that indicates any other purpose of this examination, and the fact that defendant may have been sensitive about the matter, did not prejudice him to the jury. Dean Wigmore states, ". . . there is understood a general canon that on cross examination, the range of evidence that may be elicited for any purpose of discrediting is to be very liberal" and further points out that the limits are left to the determination of the trial court. Wigmore on Evidence, 3rd ed, § 944. "A trial court has broad discretion in controlling the scope of cross examination; a case will be reversed only if such discretion has been clearly abused and the abuse materially affected the results of the trial." Piechalak v. Liberty Trucking Co., 58 Ill App2d 289, 208 NE2d 379; Meyer v. Williams, 15 Ill App2d 513, 146 NE2d 712. We cannot say that the quoted testimony, in the absence of any argument to the jury questioning defendant's residency in this state while holding an Illinois license permitting the sale of alcoholic beverages, conveyed to the jury the idea that defendant might not be eligible for such license. Neither can we say, that the trial court abused his discretion by allowing some

173

testing of the correctness of defendant's statement of place of residence, and then by summary action, properly putting the matter to rest.

The defendant argues that expert medical testimony establishing causal connection between the injury and the hospitalization is necessary, but lacking, and that it was therefore error to admit the hospital bill in evidence. The evidence shows that the plaintiff's medical treatment and his hospitalization was all a part of continuing medical treatment which commenced immediately following the accident. It was apparently necessitated by nothing other than this accident. The plaintiff was a well man, not under treatment before. The fact that his hospitalization came a few days after the accident does not remove this case from the rule that for hospitalization or treatment in close proximity to the accident, expert testimony is not required to establish causation. Causation is a question of fact. There is evidence of causation sufficient to support the jury's finding it, when, as here, the evidence shows the plaintiff to be well prior to the accident; unwell immediately following it; and under medical care from the time of the accident up to and including the time of his entering the hospital and leaving it. There was no break in his medical treatment that would require the plaintiff to produce specific medical evidence concerning his hospitalization and its cost. It had the same causal relationship to the accident as did the rest of his treatment. See: Chicago Union Traction Co. v. May, 221 Ill 530, 77 NE 933; Palmer v. DeFillippie, 321 Ill App 186, 53 NE2d 719.

The plaintiff has questioned the propriety of the remittitur of $8,500 required by the trial judge and the defendant still claims that the recovery thus reduced to $8,000 is excessive. The plaintiff is within his rights

to make the assertion. (c 110, Ill Rev Stats 1965, § 68.1(7)).

■ ■ While the assessment of damages is a jury function, it is for the trial judge in the exercise of a sound discretion, to determine whether under the instructions given the jury and the evidence before them their award had a foundation in the evidence and the elements they could consider in fixing the figure. Barango v. Hedstrom Coal Co., 12 Ill App2d 118, 138 NE2d 829. In the Barango case, supra, the court said:

> "The responsibility rests upon the trial court to properly consider the evidence before it, and in a proper case where the verdict is excessive, to either enter a remittitur or grant a new trial."

It is clear that this is the rule in Illinois, even in personal injury cases, where damages cannot be mathematically computed, and the limits are necessarily flexible. No abuse of this traditional discretion has been established by the plaintiff or appears in the record. We must conclude that the trial judge acted within the bounds of discretion by requiring the remittitur. The fact that the Practice Act has liberalized the Appellate Court's opportunity to review remittiturs, did not narrow the trial court's traditional discretional function.

■ ■ While the closing arguments are not completely set out in the record, and the abstract only shows those portions objected to, with the court's ruling and comments, an examination discloses that none complained of were inflammatory, and that the trial court properly ruled. The closing arguments were not reported by agreement of the counsel. As it is stated in Illinois Law & Practice, Vol 2, Appeal and Error, section 527, page 477:

> "The reviewing court will not reverse a judgment on such ground unless the misconduct and its preju-

dicial nature are clearly shown by the record; so a judgment ordinarily will not be reversed on the ground of improper argument where all the arguments are not in the record, so that it cannot be determined whether the parts in question were provoked or made in response."

■■■ The defendant asserts further error based on the fact that a witness was allowed to testify whose name was not furnished to the defendant's counsel in response to written interrogatories to the plaintiff. The witness was the postal employee who was called to the defendant's market to make the required report of the accident in accordance with post office procedures. Defendant had testified, when discovery depositions were taken, that plaintiff was not in his store on the day in question, and had testified at the trial, that he did not know whether plaintiff was in the store. Since this witness was not a witness to the accident and his connection with the occurrence was simply that he was in the defendant's store with both the plaintiff and the defendant shortly after the accident, his identity and his knowledge were apparently as well known to the defendant as they were to the plaintiff. As a result, we do not conclude that the exclusion of his name from the plaintiff's answer to the defendant's interrogatories prejudiced the defendant. Whether or not the plaintiff properly answered the interrogatories and what sanctions were necessary were questions within the trial court's discretion. Wright v. Royse, 43 Ill App2d 267, 193 NE2d 340.

Finding neither abuse of discretion, nor prejudicial error, the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.