JOE KING, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (4th Division)    No. 77-232

Opinion filed October 26, 1978.—Rehearing denied December 4, 1978.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellant.

Alan D. Katz, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, Joe King, brought this action in the circuit court of Cook County to recover damages for a battery allegedly inflicted upon

him by certain police officers of the Chicago Police Department. The trial court entered judgment in favor of plaintiff in the amount of $17,500, and we affirm.

The issues before this court are (1) whether the City of Chicago is liable for the acts of its police officers, (2) whether the trial court erred in admitting into evidence plaintiff's hospital and doctor's bills, and (3) whether the damages awarded plaintiff were excessive.

Plaintiff testified that on the evening of September 7, 1971, he was present at a party given at the home of Mrs. Ruby Daniels. Also present at the party were Mrs. Daniels' sister, Lynette Johnson, and her husband, Ronny Johnson. An argument developed between the Johnsons and Mrs. Johnson telephoned the police twice for assistance. In the second call she stated that her husband had a gun.

Officers Larry Johnson and Charles Fields responded to the calls at approximately 2 a.m. Several other police officers arrived shortly thereafter. Officer Johnson testified that he conducted a search for the reported weapon but that no weapon was found. Mrs. Johnson explained that she had said a gun was involved so the police would respond quickly. Officer Johnson placed Mrs. Johnson under arrest for transmitting a false police report.

Officer Johnson's testimony and that of plaintiff's are at variance as to what followed. According to plaintiff, he emerged from the Daniels' home, approached the squad car, and asked Officer Johnson to which station Mrs. Johnson would be taken so he could post bond. The officer responded by saying plaintiff was trying to be smart and without provocation struck plaintiff several times, kneed him, and "pitched" him in the air about five or six times. About 15 or 16 officers surrounded plaintiff and some of them participated in the beating. Plaintiff was not advised at the scene that he was under arrest. He was taken to four different police stations before being allowed to see a doctor even though he requested one at each station.

Plaintiff sustained injuries to his chest, head, throat, and stomach and was hospitalized for 3 days. For 5 years after the incident, he still had pain in his throat, head, and eyes. Mr. King testified that he was in good health prior to the incident.

According to the police officer, he was taking Mrs. Johnson to the squad car after the arrest when plaintiff came out of the Daniels' house and grabbed Mrs. Johnson by the arm. Plaintiff asked why Mrs. Johnson was being arrested and demanded her release. The officer told plaintiff that this was a police matter and to step out of the way. Plaintiff placed himself in the path of the squad car. He again demanded Mrs. Johnson's release, and the officer told him that he could come to the 7th district at 61st and Racine for information. Mrs. Johnson had been placed in the squad car and the officer was seated on the passenger side when plaintiff

reached in, grabbed the officer's shirt collar, cursed at him, and drew his other hand back in a fist-like position. The officer placed plaintiff under arrest and when he attempted to handcuff him, plaintiff began to struggle and struck the officer in the chest. As the officer tried to subdue plaintiff, both of them fell to the ground. The other police officers who had arrived assisted in handcuffing plaintiff. Officer Johnson suffered a sprained wrist and abrasions in the struggle. He testified on cross-examination that he did not recall seeing plaintiff in any pain, and no injuries to plaintiff were listed on the police report of the incident.

Plaintiff submitted to the trial court a hospital bill and a doctor's bill for $650 and $75, respectively.

The trial court entered judgment for plaintiff in the amount of $17,500. After post-trial motions, the trial court found that at the time of the incident the police officers were not in the execution or enforcement of any law and found the issues of liability in favor of plaintiff.

Defendant contends that it is not liable for plaintiff's injuries because section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act bars recovery where the police officer was engaged in the execution or enforcement of the law at the time of the incident unless his conduct constituted willful and wanton negligence. Ill. Rev. Stat. 1975, ch. 85, par. 2—202.

■■ Whether a police officer is engaged in the enforcement of the law is a factual determination which in every case must be made in light of the circumstances involved. (*Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 977, 331 N.E.2d 243, 248.) Plaintiff and Officer Johnson are in opposition as to their accounts of what took place when plaintiff sustained his injuries. In *Anderson*, the court stated:

> "It is long established that when testimony is contradictory, the determination of the credibility of witnesses and the weight to be afforded their testimony are matters for the trier of fact, and its findings will not be disturbed unless they are manifestly against the weight of the evidence. For a judgment to be against the manifest weight of the evidence, it must appear that conclusions opposite to those reached by the trier of fact are clearly evident or that the verdict is palpably erroneous." *Anderson*, 29 Ill. App. 3d 971, 974-75.

■■ The trial judge specifically found that "the officers, at the time of the occurrence complained of, were not in the execution or enforcement of any law * * *." In light of the record before us, it does not appear clearly evident that the policemen were in the execution or enforcement of any law. The trial judge was in a better position to assess the credibility of the witnesses, since he saw and heard them at trial. We are unable to say that his ruling is against the manifest weight of the evidence.

■■ We hold, accordingly, that the immunity provisions of section 2—202 are inapplicable. Therefore, the City of Chicago is liable for plaintiff's injuries.

Regarding the issue of whether plaintiff's hospital and doctor's bills were erroneously admitted into evidence, defendant contends that the trial court erred in admitting the bills as proof of treatment or as proof of special damages. Defendant bases this contention on plaintiff's failure to offer any testimony of a competent witness that the exhibits were records kept in the regular course of business and, as such, were admissible under Supreme Court Rule 236 (Ill. Rev. Stat. 1975, ch. 110A, par. 236(a)) as an exception to the hearsay rule.

Plaintiff cites *Roewe v. Lombardo* (1966), 76 Ill. App. 2d 164, 221 N.E.2d 521, in rebuttal which stands for the proposition that expert testimony is not required to establish causation for hospitalization or treatment in proximity to an accident.

Here, plaintiff was in police custody from the time of his injury until his hospitalization. The record indicates plaintiff was well before the incident and no evidence was introduced to the contrary.

■■ We hold that the trial court did not err in admitting into evidence plaintiff's hospital and doctor's bills.

Lastly, defendant urges that the trial court judgment of $17,500 was excessive. The test of whether a verdict is excessive is whether the total amount of the verdict falls within the necessarily flexible limits of fair and reasonable compensation or is so large as to shock the judicial conscience. (*Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 559-60, 375 N.E.2d 865, 871.) Fixing the amount of damages is preeminently the function of the trier of fact, and once that amount is so fixed it should not be disturbed on appeal unless it is obviously the result of passion and prejudice. *Maca v. Rock Island-Moline City Lines, Inc.* (1964), 47 Ill. App. 2d 31, 37, 197 N.E.2d 463, 467.

■■ Nothing in the record suggests that passion or prejudice precipitated the trial judge's award, nor does defendant make such argument. After due consideration, we find the award was not excessive and, indeed, within the necessarily flexible limits of compensation for plaintiff's injuries. The record indicates that plaintiff sustained a severe beating, the effects of which had lasted to the date of trial. In our view, an award of $17,500 was not excessive.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and DIERINGER, JJ., concur.