**Wallace CLARK and Lucille Clark, Plaintiffs,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 84 C 3604.**

United States District Court, N.D. Illinois, E.D.

Sept. 5, 1984.

P.R. Behnke, Gozdecki, Zido & Behnke, Chicago, Ill., for plaintiffs.

Gregory E. Kulis, Asst. Corp. Counsel, City of Chicago, James D. Montgomery, Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Wallace Clark ("Clark") and his wife Lucille ("Mrs. Clark") sue the City of Chicago ("City"), Donald T. Podgorny ("Podgorny"), Stephan J. Wilke ("Wilke"), Richard J. Brzeczek ("Brzeczek") and Francis A. Nolan ("Nolan"), claiming injury from the issuance of a parking citation and Clark's ensuing arrest and detention on charges of disorderly conduct and resisting a law enforcement officer. Their nine-count Complaint asserts claims under 42 U.S.C. §§ 1983, 1985 and 1986, several theories of pendent state law claims by Clark, and two pendent loss-of-consortium claims by Mrs. Clark.

Defendants have moved under Fed.R. Civ.P. ("Rule") 12(b)(6) to dismiss the Complaint entirely as to City, Brzeczek and Nolan and to dismiss all but the Section 1983 claim as to Podgorny and Wilke. In an oral bench ruling June 28 this Court (1) struck all Complaint references to Sections 1985 and 1986 and (2) refused to dismiss City, Brzeczek and Nolan from Count I's Section 1983 claim.[1] This opinion deals

---

1. Defendants' motion in the latter respect had plainly misread either the direct-action thrust of Count I as to those defendants or the holdings of *Monell v. Department of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978) and its variants in this circuit. See, e.g., *Crowder v. Lash*, 687 F.2d 996, 1005–06 (7th Cir.1982); *Estate of Eklund v. Har-*

with the Complaint's various state law claims.

### Facts [2]

In April 1982 Clark and his grandson were seated in his lawfully parked automobile near 34th and Halsted Streets in Chicago. Chicago police officers Podgorny and Wilke first falsely cited Clark for illegal parking, then—without probable cause—forced Clark to go to the district police station, subjecting him in the process to unprovoked physical and verbal abuse. They then—again without reasonable cause—charged Clark with disorderly conduct and resisting an officer and detained him for a period of time. All charges against Clark have been decided in his favor.

City, Brzeczek and Nolan have engaged in a pattern of failures in the training and discipline of Chicago police officers. Those failures have created a climate that has encouraged the unlawful conduct exemplified by Podgorny's and Wilke's actions against Clark.

As a result of the conduct already described, Clark has suffered and will continue to suffer serious physical and mental injury. Mrs. Clark has in turn sustained a loss of consortium.

### Clark's Pendent State Law Claims [3]

Whenever plaintiffs stray from the mandates of Rule 8(a)(2) ("a short and plain statement of the claim") and Rule 8(e) ("simple, concise, and direct" averments), both the defendants and the court are disadvantaged in dealing with the complaint. Clark's Complaint is no exception. Its factual allegations are unduly repetitive, and

it multiplies a single episode into a plethora of claims besides the Count I claim already upheld under Section 1983:

1. Count II asserts all defendants violated Clark's rights under the due process clause of the Illinois Constitution, Ill. Const. art. I, § 2.

2. Count III advances a claim against all defendants for false arrest and imprisonment.

3. Count IV charges all defendants based on the Podgorny-Wilke assault and battery.

4. Count V is a malicious prosecution action against all defendants.

5. Count VI runs against City for negligence of its duties in the hiring, training, supervising and disciplining of police officers.

6. Count VII charges City with willful and wanton disregard of its duties in the hiring, training, supervising and disciplining of police officers.

### Count II

Defendants' position as to Count II is summarized succinctly at R. Mem. 3:

There is not [a] common law claim for violation of one's state constitutional rights, just as there is not [a] cause of action which may be brought directly under the United States Constitution.

Clarks add nothing to the analytical process, for their Mem. 2–3 simply contrasts—without citation of any authority at all—Count I's federal constitutional claim under Section 1983 with Count II's state constitutional claim.[4]

---

diman, 580 F.Supp. 410, 412–14 (N.D.Ill.1984); Means v. City of Chicago, 535 F.Supp. 455, 462–63 (N.D.Ill.1982).

2. As with every Rule 12(b)(6) motion, Clarks' well-pleaded factual allegations are taken as true, with all reasonable factual inferences drawn in their favor. Wolfolk v. Rivera, 729 F.2d 1114, 1116 (7th Cir.1984). No actual findings of fact are made or implied.

3. Clark's state law claims derive from the same "nucleus of operative fact" as Count I's Section 1983 claim. That renders the state claims properly within this Court's jurisdiction. See United

Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

4. That delinquency on the part of both counsel is really unfair to this Court's law clerks, who have the responsibility for generating first drafts of opinions for this Court's further research and sentence-by-sentence revision. In the decisional process the available resources are much like a funnel, with the very wide mouth being the time of lawyers for the litigants in all the cases on a judge's calendar, and the very narrow tube that provides input for the judge being the time of the two law clerks. To

Defendants' proposition is flawed even under federal law. *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) upheld a damage action directly under the Fourth Amendment against federal agents who under color of their authority had violated plaintiff's constitutional rights. In part *Bivens (id.* at 397, 91 S.Ct. at 2005) rested on language in *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 163, 2 L.Ed. 60 (1803):

> The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury.

True enough the availability of a direct remedy under the federal Constitution against a *state* actor (*Bivens* involved *federal* actors), given the previously-upheld existence of Section 1983 rights against the same state actor, poses other considerations. But it must be remembered Count II purports to set out a pendent claim, as to which *state* law provides the rules of decision.[5] And on that score the real question is whether Illinois law as to the Illinois Constitution parallels the *Bivens* analysis as to the United States Constitution.

■ At least two post-*Bivens* Illinois Appellate Court decisions have decided that question in the affirmative, upholding private claims brought directly against municipalities and state actors under the Illinois Constitution. *Newell v. City of Elgin,* 34 Ill.App.3d 719, 724, 340 N.E.2d 344, 349 (2d Dist.1976) (a search violating Ill. Const. art. I, § 6); *Melbourne Corp. v. City of Chica-*go, 76 Ill.App.3d 595, 602–03, 31 Ill.Dec. 914, 919–20, 394 N.E.2d 1291, 1296–97 (1st Dist.1979) (conduct amounting to a "constitutional tort," though defendant escaped liability because it had been neither knowing nor malicious in violating any clearly-established constitutional rights).[6] Because Count II can be read as charging knowing or malicious conduct in violation of the Illinois Constitution's due process guaranty, the count must survive at this time.

*Counts III Through VII*[7]

■ Not only Count II (see n. 6) but every other pendent claim advanced by Clark implicates the Immunity Act. Under Illinois law *only* the Act provides municipalities and their employees immunity from suit. *Clark v. City of Chicago,* 88 Ill. App.3d 760, 764, 43 Ill.Dec. 892, 896, 410 N.E.2d 1025, 1029 (1st Dist.1980); *Melbourne,* 76 Ill.App.3d at 603, 31 Ill.Dec. at 920, 394 N.E.2d at 1297. Three of the Act's provisions require scrutiny in connection with Complaint Counts III through VII.

■ Act ¶ 2–109 provides:

> A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

Thus any immunity available to a municipal employee under the Act is available to the municipality as well. *Melbourne,* 76 Ill. App.3d at 604, 31 Ill.Dec. at 921, 394 N.E.2d at 1298.

■ Act ¶ 2–202 reads:

---

force the law clerks (let alone the judge) to do the lawyers' work is to waste the second scarcest resource in the system (the scarcest, of course, is the judge's own time, and the lawyers' default in that respect often causes a waste of the judge's time as well).

5. If the substantive content of the Illinois Constitution's due process clause proves identical to that of the Fourteenth Amendment, Count II could add nothing whatever to Count I. In that case this Court might well consider eliminating Count II from the case, either under the discretion implied by *Gibbs* or as introducing needless confusion and complexity for the jury.

6. One other aspect of *Melbourne* is worth noting. It appeared to acknowledge (76 Ill.App.3d at 602–03, 31 Ill.Dec. at 919–20, 394 N.E.2d at 1296–97) that had plaintiff in fact suffered a constitutional tort, the provisions of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (the "Immunity Act" or simply the "Act," Ill.Rev.Stat. ch. 85, ¶¶ 1–101 to 10–101, cited simply "Act ¶ —") would be inapplicable.

7. As with the earlier discussion (see n. 4), this analysis owes nothing to the litigants. All the groundwork was laid by this Court's law clerk, Will Buck.

A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence.

That provision does not afford qualified immunity from liability for all acts or omissions of a public employee while on duty, but only for those connected with the actual execution or enforcement of a law. *Arnolt v. City of Highland Park,* 52 Ill.2d 27, 33, 282 N.E.2d 144, 147 (1972). Whether a public employee is executing or enforcing a law at the critical time is "a factual determination which in every case must be made in light of the circumstances involved." *King v. City of Chicago,* 66 Ill.App.3d 356, 358, 23 Ill.Dec. 386, 388, 384 N.E.2d 22, 24 (1st Dist.1978). Similarly, whether or not the public employee "is guilty of willful and wanton conduct is a question of fact for the jury and should rarely be ruled upon as a matter of law." *Glover v. City of Chicago,* 106 Ill.App.3d 1066, 1075, 62 Ill.Dec. 597, 604, 436 N.E.2d 623, 630 (1st Dist.1982).

Finally, Act ¶ 2–204 provides:

Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

No state court decision has been found construing that provision, but this Court's colleague Judge Prentice Marshall has held Act ¶ 2–204 required dismissal of a complaint seeking to impose on a supervisor, acting within the scope of his employment, respondeat superior liability for a police officer's having shot the decedent without probable cause or other justification. *Means v. City of Chicago,* 535 F.Supp. 455, 465 (N.D.Ill.1982).[8]

■ Clearly Counts III through V survive against Podgorny, Wilke and City in light of the Act and cases construing it. As to the individuals, only the familiar

standard of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (reaffirmed this past Term in *Hishon v. King & Spalding,* —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984)) need be addressed. Certainly Clark can conceivably prove a set of facts establishing either that Podgorny and Wilke were not executing or enforcing a law when Clark suffered his alleged injury or that they were guilty of willful or wanton negligence. Either showing would negate the immunity accorded the officers by Act ¶ 2–202. That would in turn render unavailable to City any immunity under Act ¶ 2–109. Because no other provision of the Act immunizes City, Clark can maintain a direct action against City based upon its agents' conduct. See *Arnolt,* 52 Ill.2d 27, 282 N.E.2d at 144; *Hampton v. City of Chicago,* 484 F.2d 602, 610–11 (7th Cir.1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974).

■ As to Brzeczek and Nolan, however, Counts III–V must fall. They are named only on respondeat superior grounds, and the *Means* reading of Act ¶ 2–204 (the only sensible one) insulates them from such liability.

■ This opinion turns then to Counts VI and VII, directed only against City for the harm allegedly suffered at the hands of Podgorny and Wilke. Precisely the same analysis that preserved Counts III–V as against City also saves Counts VI and VII: Because Clark may be able to prove facts that would not insulate Podgorny and Wilke under Act ¶ 2–202, City cannot escape liability under Act ¶ 2–109 at this early stage of the litigation.

### Punitive Damages

■ Counts III–V and VII seek an award of punitive damages against City.

---

**8.** In response to defendants' contention that no respondeat superior liability exists against City, Brzeczek and Nolan, Clarks' Mem. 4 misses the point entirely by invoking *Monell.* That defini-

tion of Section 1983's scope is irrelevant where state law provides the rules of decision (as it does on pendent claims).

City correctly contends such relief is barred under Act ¶ 2-102:[9]

> Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly against it by the injured party.

All Clarks' claims against City are direct actions. Though Clarks' lawyers did not acknowledge their mistake as they should have (their memorandum opted instead for total silence), the punitive damages prayers are stricken.

### Attorneys' Fees

 Each of Counts II through VII also asks for attorneys' fees. Again defendants are right in saying Illinois law (this time unbroken case law, though they do not cite it) does not permit such an award as to the kinds of state law claims involved here.

 Clark responds with the irrelevancy that 42 U.S.C. § 1988 may permit recovery on the pendent state claims (perhaps even if Clark were to lose on his Section 1983 claim). See *Church of Scientology of California v. Cazares*, 638 F.2d 1272, 1291 (5th Cir.1981) and cases cited there. That is indeed an irrelevancy, because any such recovery must come (if at all) under Section 1988, *not* under the pendent claims as such. Consequently the fee claims are stricken from Counts II through VII.

### Mrs. Clark's Pendent State Law Claims

Complaint Counts VIII and IX assert claims against all defendants for Mrs. Clark's loss of consortium resulting from her husband's alleged injuries. Those allegations raise the vexed question of pendent party jurisdiction.

*Hixon v. Sherwin-Williams Co.*, 671 F.2d 1005, 1008–09 (7th Cir.1982) and *Johnson v. Miller*, 680 F.2d 39, 41 (7th Cir.1982) strongly suggested such jurisdiction was moribund (if not indeed entirely dead) in this Circuit. Most recently, however, Judge Posner (again, as in the earlier cases, speaking for the court) has retreated from that position where the principal claim is grounded in federal question, rather than diversity, jurisdiction. *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179 at 187–188 (7th Cir.1984). But even there the Court of Appeals treads gingerly (*id.* at 187):

> [I]f the pendent party concept retains any vitality today ... when there is greater concern with avoiding unnecessary federal inroads into state jurisdiction than when the concept first emerged, it survives as a convenience to a party who has a substantive federal claim ... rather than as a service to the cause of judicial economy.

That surely addresses only the propriety of a proper plaintiff who asks to add a pendent party *defendant*. But Mrs. Clark, who lacks a federal claim altogether, does not fall within the terms of the *Bernstein* rationale.

 It is true, as this Court has held in a different context, that Mrs. Clark's loss-of-consortium action is wholly derivative from Clark's allegations of injury. *Jarvis v. Stone*, 517 F.Supp. 1173, 1177 (N.D.Ill.1981) and cases cited there. Her claims, however, involve added substantive elements and a wholly different measure of damages from those advanced by Clark. This Court's assumption of jurisdiction would afford no judicial economy here,[10]

---

9. Defendants also point to the like reading of Section 1983 in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259–71, 101 S.Ct. 2748, 2755–62, 69 L.Ed.2d 616 (1981). Even though *City of Newport* is really irrelevant here (because only state law claims are involved), defendants can scarcely be faulted—given Clarks' own misunderstanding of how *Monell* interacts (or more accurately does not interact) with Count V—for discussing it.

10. If Clark is successful in this case, the Illinois law of collateral estoppel would afford Mrs. Clark (suing in state court) the benefit of any issues necessarily decided here and common to her action. See *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill.2d 1, 34 Ill.Dec. 334, 398 N.E.2d 9 (1979).

nor would it provide "a convenience to a party who has a substantive federal claim" —Clark himself (except of course in the purely derivative sense that what benefits Mrs. Clark would benefit him).

Indeed the plain implication of *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) is that joinder of Mrs. Clark's claims is jurisdictionally impermissible. As the Court there said (*id.* at 301, 94 S.Ct. at 512), quoting the Court of Appeals decision below, "one plaintiff may not ride in on another's coat-tails."

At best the grounds for pendent party jurisdiction here are weak, at worst wholly nonexistent. And even if this Court were arguably to have the *power* to assume jurisdiction over Mrs. Clark's claims (a doubtful proposition), the proper exercise of its discretion to do so (see *Gibbs*, 383 U.S. at 725–26, 86 S.Ct. at 1138–39) calls for dismissal of Counts VIII and IX.

### Conclusion

Defendants' motions to dismiss are denied as to:

 1. Clark's Count II claims under the Illinois Constitution; and

 2. Clark's claims against City in Counts III through VII.

Defendants' motions to dismiss are granted as to:

 1. Clark's claims against Brzeczek and Nolan in Counts III through V;

 2. Mrs. Clark's claims for loss of con-\sortium in Counts VIII and IX;

 3. Clark's prayer for punitive damages against City; and

 4. Clark's claims for attorney's fees as to all pendent state law claims.

Defendants are ordered to file their answer to the surviving portions of the Complaint on or before September 19, 1984.