516

Thomas Baselski, Plaintiff-Appellee, *v.* The City of Chicago *et al.,* Defendants—(Henry Cross *et al.,* Defendants-Appellants.)

(No. 55888; ▮▮▮▮▮▮▮)

First District—December 29, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Harvey N. Levin, Assistant Corporation Counsel, of counsel,) for appellants.

Rafferty, Sheele & Mackin, and Joseph R. Curcio, both of Chicago, (Sidney Z. Karasik, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

At approximately 8:30 P.M. on June 8, 1965, Police Officer Henry Cross approached the viaduct at 2615 W. Roosevelt Road in Chicago in the course of his normal car patrol of the area. Due to heavy rainfall, Roosevelt Road was flooded with about 4 feet of water and the sidewalks were covered with approximately 6 inches of water. Officer Cross observed that several vehicles were stalled in the viaduct, and traffic on his side of the viaduct (the west side) was forced to turn around and return west. Officer Cross decided that he must determine the traffic conditions on the east side of the viaduct and also the condition of a second viaduct approximately 75 feet east of the first. Officer Cross stated that his intention was to expedite traffic, and he determined that he should drive the police car on the sidewalk to reach the east side of the viaduct. His car proceeded at approximately 3 to 4 miles an hour.

Plaintiff was walking eastward on the south sidewalk in front of Officer

Cross' car. Plaintiff stepped off the sidewalk to allow the car to pass him. He then returned to the sidewalk and continued walking behind the police car. While crossing a driveway between the two viaducts, the car suddenly stopped. The front wheels were on the sidewalk, while the rear wheels remained on the driveway. Believing that a rear wheel had become stuck in a hole, Officer Cross accelerated forward and a log used as a railroad tie spun backward from the rear wheels of the car and struck and fractured plaintiff's right leg. Officer Cross immediately stopped and rendered assistance.

The plaintiff brought an action against Pennsylvania Railroad Co. and Chicago & North Western Railway Co. as owners of rights of way to railroad tracks in the immediate area, against Officer Cross for his negligent driving on the sidewalk, and against the City of Chicago as Officer Cross' principal. Pennsylvania Railroad Co. was granted summary judgment and was dismissed from the suit and the Chicago & North Western Railway Co. was also dismissed after an out-of-court settlement. A jury verdict for defendants City of Chicago and Officer Cross was rendered.

The trial judge granted plaintiff a new trial based on (1) jury Instruction No. 18 should not have been given; (2) defense counsel's closing argument referring to Instruction No. 18 was prejudicial and intended to attribute a special status to policemen and (3) the verdict was contrary to the preponderance of the evidence. Defendant's Petition for Leave to Appeal the order for a new trial was granted.

Instruction No. 18 was as follows:

> "There was in force in the City of Chicago at the time of the occurrence in question a certain ordinance which provided that: 'Officers of the police department * * * are hereby authorized to direct all traffic by voice, hand or signal in conformance with traffic laws or ordinances provided that, in the event of a fire or other emergency or to expedite traffic or to safeguard pedestrians, officers of the police department may direct traffic as conditions may require notwithstanding the provisions of the traffic laws or ordinances.'
> If you decide that the defendant, HENRY L. CROSS, was in the performance of his lawful duties as a police officer then you may consider this fact together with all the other facts and circumstances in evidence in determining whether or not said defendants were negligent before and at the time of the occurrence."

The closing argument of defense counsel which the trial court found to be prejudicial was:

> "I say to you further in response to the charge that Officer Cross had no business on that sidewalk, that the Court will read an

instruction to you which in effect will recite that police officers are authorized and permitted in the course of expediting traffic, to be exempt from the traffic ordinances and specifically the ordinances that Counsel will have read to him regarding no driving on the sidewalk."

Section 27-248 of the Municipal Code of Chicago provides:

"The driver of a vehicle shall not drive within any sidewalk area * * *."

*OPINION*

It is contended that the trial court erred in granting a new trial on the basis of an erroneously given jury instruction. The trial judge found that the record disclosed no evidence which supported giving Instruction No. 18. The instruction was based on a City of Chicago ordinance authorizing a police officer to direct traffic contrary to traffic laws and ordinances in cases of emergency, to safeguard pedestrians or to expedite traffic. (Municipal Code of Chicago 1971, par. 27—293(b).) In support of their argument, defendants contend that the instruction was applicable to show that the police car was on the sidewalk legally, and thus to rebut plaintiff's *prima facie* case of negligence.

The ordinance set out in Instruction No. 18 clearly had no application to the facts in this case. The defendant police officer was not directing traffic. Moreover, the ordinance in no way gives special status or immunity to a police officer who is driving his vehicle on the sidewalk; it clearly only gives immunity from traffic laws and ordinances when a police officer is directing traffic.

The evidence did not justify the giving of the instruction, and its inclusion was incorrect. The instruction was highly prejudicial in that it, in effect, shielded the officer's conduct from the ordinary negligence standard. The trial judge was in the best of position to gauge the prejudicial effect of the inapplicable instruction, and did not abuse his discretion in granting a new trial. *McElligott v. Ill. Central R.R. Co.,* 37 Ill.2d 459, 227 N.E.2d 764; *Taylor v. Hughes,* 17 Ill.App.2d 138, 149 N.E.2d 393.

Accordingly, we hold that the trial judge did not err in finding that Instruction No. 18 was erroneously given. We need not consider defendant's other contentions. The order granting a new trial is affirmed.

Order affirmed.

LEIGHTON and HAYES, JJ., concur.