GREGORY MARLAIRE, Plaintiff-Appellant, *v.* NORMAN S. SMITH *et al.*, Defendants.—(NORTH PALOS FIRE PROTECTION DISTRICT, Defendant-Appellee.)

First District (1st Division)    No. 77-447

Opinion filed July 31, 1978.

A. G. Scheele, Ltd., of LaGrange, and Joseph R. Curcio, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

James R. Schirott, of Park Ridge, and E. Kenneth Friker, of Klein, Thorpe, Kasson & Jenkins, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Gregory Marlaire (plaintiff) sued Norman Smith alleging in count I that Smith's negligent operation of a motor vehicle caused bodily injury to

plaintiff. Count II alleged that Smith drove the automobile while an agent and servant of the North Palos Fire Protection District (defendant) and while Smith was acting in the course of Smith's employment with defendant. Subsequent to its denial of all the allegations of plaintiff's complaint, defendant moved for summary judgment on the ground that Smith was not in the course of his employment when the incident occurred. The circuit court granted defendant's motion and denied plaintiff's motion to reconsider. Plaintiff appeals, contending that summary judgment was inappropriate because there was a genuine issue as to the material fact of Smith's employment at the time of the occurrence.

Plaintiff's complaint alleged that when Smith's vehicle struck him Smith "at all times herein mentioned was an employee of the North Palos Fire Protection District and was acting at all times within the course and scope of his employment." In support of its motion for summary judgment, defendant attached the affidavit of Chief John H. Roe of the fire protection district, in which he stated that after a fire call in the forest preserve Smith was released from duty at 8:59 p.m. on May 23, 1974. From 8:59 to 9:43 p.m., the approximate time of the accident, Smith was not recalled to duty and was under no instructions of any kind from the district. When Roe responded to an ambulance call at 9:43 p.m., he observed that Smith had been involved in an accident. The vehicle Smith had been driving was not owned or controlled by defendant. At the time of the accident Smith was not under instructions from the district or performing any errand for it.

Plaintiff's response to the motion for summary judgment was supported by the unsworn, unsigned statement of Vincent Venezio, stating that at the accident scene Smith, dressed in his volunteer fireman's uniform, had told him that "he had just come from a call. Like he was going on an errand. Something to do with his job with the fire department."

Prior to the hearing on defendant's motion, plaintiff filed Vincent Venezio's affidavit, which stated that he had seen the accident and had spoken to Smith at the scene. In addition to the above quoted statements of Smith, Venezio's affidavit stated that Smith said that he "had to go someplace, another errand from his job with the Fire Department" and that "he was on his way to another errand as a volunteer fireman." Smith was wearing his fireman's uniform.

The trial court granted defendant's motion for summary judgment. Plaintiff filed a motion to reconsider, attaching a copy of the affidavit of Vincent Venezio and portions of the depositions of Chief Roe and of volunteer firefighter Arthur C. Johnson.

In his deposition, Chief Roe stated that he did not recall seeing Smith

on the night of the accident. He had no idea of whom he saw at the station that evening. There were no other calls that evening after the call concerning the automobile fire in the forest preserve. He did not recall whether Smith returned to the station after the first call.

Arthur C. Johnson, a volunteer fireman with defendant, stated in his deposition that he was at the station on May 23, 1974. He saw Smith at the station that evening. There are occasions when a fireman performs an errand for the department, such as picking up records, when requested to do so.

Plaintiff contends that the trial court incorrectly granted summary judgment for defendant because there is a genuine issue of material fact as to whether Smith was acting in the course of his employment with defendant at the time of the accident. Plaintiff argues that Chief Roe's affidavit does not clearly establish defendant's right to a summary judgment when considered in light of Smith's statement that he was on an errand for the district at the time of the accident and Roe's deposition testimony that he could not recall certain aspects of the department's activities on the night of the accident.

The crux of this appeal is whether there is a genuine issue of material fact. In *Di Leo v. United States Fidelity & Guaranty Co.* (1964), 50 Ill. App. 2d 183, 200 N.E.2d 405, the court stated (50 Ill. App. 2d 183, 187):

"We believe the determinative question here presented is whether there is a 'triable issue of fact.' In a summary judgment proceeding, the right of the moving party should be free from doubt. If, upon an examination of the pleadings, depositions, and affidavits, it can be fairly said that a material dispute exists as to the facts, a motion for summary judgment should be denied. On the other hand, where the record shows there is no triable issue of fact, a summary judgment will be granted. Tuohey v. Yellow Cab Co., 33 Ill. App. 2d 180, 183, 180 N.E.2d 691 (1962)."

We have examined the pleadings, depositions and affidavits, and conclude that a material dispute exists as to whether Smith was in the course of his employment at the time of the accident. Although Roe's affidavit denies that Smith was performing a duty for the district, Smith, who was wearing his fireman's uniform, stated that he "had to go someplace, another errand from his job with the Fire Department." In his deposition, Roe was not able to state who was on duty with the department on May 23, 1974, and what tasks they performed. Additionally, the record is unclear as to whether Roe alone or other officers could have sent Smith on an errand for the department or whether records of duties other than fire and emergency calls were maintained. Other evidence may be adduced which would make this issue one of law,

but on this record we conclude that there is a genuine issue of material fact. Summary judgment should have been denied.

Judgment reversed and cause remanded.

Reversed and remanded.

McGLOON and BUCKLEY, JJ., concur.