WILLIAM DAVID DRAGOVAN, JR., a Minor, by William David Dragovan, Sr., his Father and Next Friend, Plaintiff-Appellant, *v.* THE CITY OF CREST HILL *et al.*, Defendants-Appellees—(Dennis Jaskoviak, Sr., *et al.*, Defendants).

Third District No. 82—689

Opinion filed June 21, 1983.

Roman R. Okrei, of Stefanich, McGarry & Wols, Ltd., of Joliet, for appellant.

Thomas Feehan and Pamela E. Davis, both of Thomas, Wallace, Feehan, Baron, and Kaplan, Ltd., of Joliet, for appellees.

JUSTICE ALLOY delivered the opinion of the court:

The plaintiff sued the city of Crest Hill and Dennis Jaskoviak, Sr., individually and in his official capacity, to recover for injuries sustained by him as a result of a shooting. The trial court granted summary judgment in favor of the city and Jaskoviak in his official capacity. The plaintiff now appeals.

Jaskoviak is chief of police for the city of Crest Hill. In November 1979, Chief Jaskoviak removed a .45-caliber revolver from a police evidence locker. The police department came into possession of this weapon when it confiscated the gun in the course of an arrest six years earlier. Under a prior court order, this gun should have been made inoperable and used by the police for display purposes only. At

the time of the incident here, however, the gun was in working order.

Jaskoviak, contemplating an addition to the police department's arsenal, took the gun in order to test fire it. He did not sign for the gun nor did he leave any record of its removal, in contravention of the department's procedures for handling evidence property. Jaskoviak brought the gun to his home and, the next morning, drove to a quarry to test the gun.

The plaintiff and Jaskoviak's minor son (also a defendant in this action, but not a party to this appeal) accompanied Jaskoviak to the quarry. Jaskoviak fired the weapon and also allowed both his son and the plaintiff to fire it. After this, Jaskoviak and the two boys went back to Jaskoviak's home. Jaskoviak left the gun on a sofa in the living room and went into another room to eat his lunch. Jaskoviak's son and the plaintiff went into the living room, supposedly to clean the gun. A short time later, Jaskoviak's son shot the plaintiff in the face and neck. As a result of this gunshot wound, the plaintiff is partially paralyzed. The plaintiff was 10 years old at the time of the shooting.

The issue here is whether the city can be held responsible for Jaskoviak's actions. The city contends that Jaskoviak's conduct was *ultra vires*, so his actions cannot be said to be within the scope of his employment. The plaintiff argues that there is at least a triable issue as to whether Jaskoviak was acting within the scope of his employment.

The crux of the city's argument is that its power to deal with the weapon was limited by the Criminal Code of 1961 and the prior court order. By statute, a court may transfer a confiscated weapon either to the county sheriff for eventual destruction or to the governmental body whose police department originally seized the weapon. (Ill. Rev. Stat. 1981, ch. 38, par. 24—6.) Since a court order directed the city to use the gun only for display purposes and only in inoperable condition, the city contends that Chief Jaskoviak's use of the weapon was beyond the scope of its municipal powers. The city contends, therefore, that Chief Jaskoviak's actions were *ultra vires* and that the city is absolved of responsibility for his actions.

Before we address the merits of the appeal, one preliminary matter must be determined. The motion of the appellant to allow its brief and argument, which is addressed to one of the four motions for summary judgment, to stand as its argument on all four motions for summary judgment is allowed.

■ Turning to the merits, we note that this appeal comes to this court on a motion for summary judgment. Summary judgment should

be granted to a party only if the pleadings, depositions, admissions and affidavits reveal no genuine issue of fact and only if the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005; *Sheetz v. Morgan* (1981), 98 Ill. App. 3d 794, 424 N.E.2d 867.) Because summary judgment is a drastic measure, it should be granted only when the movant's right to it is free from doubt. (*United Security Insurance Co. v. Mason* (1978), 59 Ill. App. 3d 982, 376 N.E.2d 653.) Cases in which an employer's or principal's liability depends upon whether another individual was acting within the scope of his employment or agency are usually inappropriate for resolution by summary judgment. See, *e.g., Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665; *Marlaire v. Smith* (1978), 62 Ill. App. 3d 995, 379 N.E.2d 763.

■ In the case at bar, the defendant's motion for summary judgment should not have been granted. At the time Jaskoviak took possession and control of the gun, he was chief of police for the city. His stated and undisputed purpose was to test the weapon for possible use in the police department's arsenal. As the chief of police, Jaskoviak was responsible for the proper performance of the police department, and it would be reasonable to conclude that those responsibilities included the maintenance and supply of the police department's arsenal. At least, the question of whether Jaskoviak's actions were within the scope of his employment is a triable issue of fact that is inappropriate for resolution by summary judgment.

■ The city's argument to the contrary does not withstand analysis. Violation of a statute does not render a municipal employee's actions *ultra vires*. Such a rule would, *de facto*, grant municipalities almost complete immunity from suit. The city refers to the statute and the court order as a limitation on its powers, as distinguished from an illegal action by its employee. This is a distinction without a difference. If we accept the city's argument, an automobile collision which resulted from a police officer driving at an excessive speed could not result in liability for the city. Arguably, absent lawful justification, a municipality has no "power" to have its vehicles exceed speed limits. Nor could a city ever be held liable for a battery committed upon an individual by a police officer. Again, a municipality has no "power" to subject individuals to unjustified force or violence. Yet liability is regularly imposed upon municipalities for such actions by their employees, even when those actions may also amount to a violation of a statute. (*E.g., Baselski v. City of Chicago* (1972), 9 Ill. App. 3d 516, 292 N.E.2d 475 (suit for negligence; violation of traffic law); *King v. City of Chicago* (1978), 66 Ill. App. 3d 356, 384 N.E.2d 22

(suit for wilful and wanton conduct; battery by police officer).) Actions in disregard of a statute or court order does not, therefore, sever the scope of employment as a matter of law.

The defendants' reliance upon *Ward v. Forest Preserve District* (1957), 13 Ill. App. 2d 257, 141 N.E.2d 753, is misplaced. In *Ward*, the superintendent of the district called the plaintiff a Communist. The trial court dismissed the plaintiff's suit for defamation. The appellate court affirmed, ruling that the plaintiff's failure to allege special damages was fatal to his action. In *dicta*, the court observed that the district could not be held liable because a municipality cannot confer authority upon its agents to represent it beyond its corporate powers. Although the superintendent, acting in his official capacity, slandered the plaintiff, the court opined that such statements were *ultra vires*. Citing no authority, the court reasoned that liability could attach only if the district had power to take such action in the first place and if it later ratified the superintendent's actions.

Our review of the relevant case law reveals no case which has cited *Ward's dicta* or subscribed to its view in actions such as that in that case at bar. On the contrary, the cases which have imposed liability on municipalities for negligent and intentional conduct of their employees, including conduct which the municipality would have no power to take or ratify, brings the reasoning of *Ward* into question, at least as far as concerns tort actions. *E.g., Baselski; King; Marlaire.* See also *LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 355 N.E.2d 70 (wilful and unjustified use of deadly force).

Whether Chief Jaskoviak was acting within the scope of his employment is a triable issue of material fact. On the record, summary judgment should not have been granted to either the city or to Jaskoviak in his official capacity.

The judgment of the circuit court of Will County is, accordingly, reversed and the cause is remanded for further proceedings.

Reversed and remanded.

STOUDER, P.J., and BARRY, J., concur.