FRED E. ENERSON, Plaintiff-Appellant, v. COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

Third District No. 3—84—0649

Opinion filed July 9, 1985.—Modified on denial of rehearing October 17, 1985.

STOUDER, J., dissenting.

Philip A. Troha, of Troha, Troha & Bednarek, of Joliet, for appellant.

Paul E. Root, of Gomien & Root, of Morris, for appellee Commonwealth Edison Company.

John W. Condon, of Dunn, Hayes & Condon, of Morris, for appellee First National Bank of Morris.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff brings this appeal challenging the lower court's grant of summary judgment in favor of both defendants. We affirm.

Plaintiff (Enerson) was lessee of the premises owned by the defendant Commonwealth Edison Company (Com. Ed.). The lease was made through the defendant First National Bank of Morris (the bank) as the agent of Com. Ed. In November 1981, Enerson suffered injuries when the heater on the premises exploded. He brought this suit, alleging that the defendants breached their duty to keep the furnace in good repair.

The lease into which the parties entered contained the following clause:

"MAINTENANCE OF PREMISES: TENANT shall, at their

[sic] sole cost and expense, decorate the interior of the residence, maintain the water system, storm, sanitary, or septic system, electrical wiring together with the heating plant and all controls and make all minor repairs to the interior and exterior of the buildings and shall not commit nor permit waste to the buildings. In the event a major maintenance problem arises on the LEASED PREMISES costing in excess of $100.00, TENANT will notify LANDLORD of such problem. TENANT hereby agrees to pay for any and all utilities and fuel for heating used and consumed on the LEASED PREMISES during the term hereof."

Defendants, in their motions for summary judgment, included the affidavit of Thomas Tesdal, a vice president of the bank, who signed the lease on behalf of Com. Ed. Tesdal stated that he never represented to Enerson that the bank would repair any fixtures on the premises.

Enerson, in response, attached Tesdal's deposition in which he stated that the bank had previously paid for the cleaning of the septic system and installation of a new water pump. Each of these repairs cost in excess of $100. Tesdal further stated that the procedure was for the tenant to obtain a price for the repair, notify the bank if the cost was to be greater than $100, and the bank was to determine whether to pay for it.

The trial court granted the bank's second motion for summary judgment. The primary assertion in the motion for summary judgment is that the defendants had no duty to repair imposed on them by the lease. Enerson claims that the lease provision is ambiguous, and that this ambiguity created a duty on behalf of defendants. It is true that any ambiguity in a lease should be construed most strongly against the lessor and in favor of the lessee. (*American National Bank & Trust Co. v. Lembessis* (1969), 116 Ill. App. 2d 5, 253 N.E.2d 126.) While inartfully drafted, there is no ambiguity as suggested by Enerson. The provision is clear in defining the intent of the parties. The duty to maintain and repair was clearly placed on Enerson and he had the duty to inform the lessor regarding repairs costing in excess of $100. Enerson admitted that he only informed the bank that there was a problem. There is nothing to suggest that he informed the bank as to its cost. Appellee's argument that the notice provision in the lease was to protect the property from mechanic's lien claims neither enlarges nor reduces lessor's responsibility. All maintenance and repair was plaintiff's obligation.

Due to the plenary nature of summary judgment, it should only be

granted when there is no doubt that the movant is entitled to it. (*Dragovan v. City of Crest Hill* (1983), 115 Ill. App. 3d 999, 451 N.E.2d 22.) "[I]f what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered. [citations.]" *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497.

We find that summary judgment was proper in this case. Plaintiff did not show nor create any duty at law on the defendants' part. In light of our finding above, there is no necessity to consider the question of whether or not there was a genuine issue of material fact raised by Enerson's evidence as to the explosion.

Therefore, the orders of the circuit court of Will County granting summary judgment in favor of defendants Commonwealth Edison Company and First National Bank of Morris will be affirmed.

Affirmed.

HEIPLE, P.J., concurs.

JUSTICE STOUDER, dissenting:

I dissent from the majority view that the defendants had no duty to repair the leased premises and that the plaintiff's supporting documentation was insufficient to create any factual issues.

The majority correctly states the general rule that any ambiguity in a lease should be construed most strongly against the lessor and in favor of the lessee, citing *American National Bank & Trust Co. v. Lembessis* (1969), 116 Ill. App. 2d 5, 253 N.E.2d 126. The majority then incorrectly applies the facts of the instant case to this rule and holds that the defendants owe no duty to the plaintiff to repair the leased premises because the maintenance clause in the lease is not ambiguous. The defendant bank's own actions belie this assertion.

The defendants assert in appellee's brief that the sentence in the maintenance clause requiring landlord to be notified of major repairs is merely a means of preventing a mechanic's lien from attaching to the real estate without landlord's knowledge. However, the facts disclose that in this case the tenant notified the landlord that the furnace needed repairs, and the response of the landlord's agent was that the landlord would not put any more money into the leased premises until the tenant's rent was caught up. The defendant has subjected this clause in the maintenance provision to more than one interpretation

by indicating that it would have paid for the repair of the furnace had the tenant been current with his rent and then arguing that the clause was merely a means of preventing liens from attaching to the premises. I would have found the maintenance provision ambiguous with respect to the imposition of a duty upon either the landlord or the tenant with respect to major repairs. The ambiguity of the clause must be resolved by extrinsic evidence as to the intent of the parties, which must be gleaned partially by their performances. The fact that the landlord had paid for major repairs on two previous occasions is relevant to the intent of the parties and should have been considered by the trial court. I, therefore, disagree with the majority that the maintenance clause is clear and unambiguous and imposes no duty upon the landlord when the landlord itself has interpreted the clause in two different ways.

Since there are genuine factual issues, I would reverse the summary judgment in favor of the defendants.